UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CHRISTOPHER LACCINOLE, *on behalf of himself and all others similarly situated*,<br><br>              Plaintiff,<br><br>v.<br><br>DIRECT MORTGAGE INVESTORS, INC. d/b/a DMI FINANCIAL INC.,<br><br>              Defendant. | CIVIL ACTION<br>FILE NO.: 4:26-cv-4925<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Christopher Laccinole ("Plaintiff"), by counsel, hereby files his Class Action Complaint against Defendant Direct Mortgage Investors, Inc. d/b/a DMI Financial Inc. ("DMI" or "Defendant") as follows:

## INTRODUCTION

1.      This is an action for statutory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").

2.      Plaintiff is an individual and resides in Willis, Texas.  The three national consumer reporting agencies – Equifax, Trans Union, and Defendant Experian ("CRAs") – all maintain credit files and issue consumer reports

concerning Plaintiff.  The information contained in Plaintiff's credit files and consumer reports is private.

3.      Plaintiff is a "consumer" and Defendant is a "person" as those terms are defined, or otherwise used, by the FCRA.  Experian is a consumer reporting agency and obligated to comply with the FCRA.

4.      As set forth below, DMI requested and obtained Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated ("Classes" as defined in Paragraph 34 below), from Experian without a permissible purpose under the FCRA (the "Impermissible Inquiry" or "Impermissible Inquiries").

5.      Experian furnished Plaintiff's consumer report, and, upon information and belief, the consumer reports of other consumers similarly situated to a company and/or person purporting to be "DMI Financial, Inc."  Experian provided the consumer reports to DMI in response to DMI's requests for such reports, despite the fact that DMI lacked a permissible purpose under the FCRA to obtain and use such reports.  In fact, DMI was even listed online as out-of-business at the time of the impermissible inquiries at issue.

6.      Plaintiff and the members of the Classes had not applied for credit with DMI at the time Experian provided their consumer reports to DMI and were never sent any firm offers of credit by DMI.  DMI did not have a permissible

purpose under the FCRA to obtain the consumer reports of Plaintiff and the Classes.

7.    As a result of Defendant's wrongful request for and receipt of Plaintiff's consumer report, and those of the Classes, Plaintiff, and the Classes, have suffered an invasion of privacy.

8.    As a result of Defendant's wrongful access to Plaintiff's consumer report, and those of the Class, as described herein, Plaintiff, and the Class, have suffered an invasion of privacy.

9.    Plaintiff, and the Class, suffered concrete harm as a result of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

10.    This is a class action brought under Fed. R. Civ. P. 23(a), (b)(1), (b)(3) and (c)(4).

11.    At all times material to this action, Plaintiff was a resident of Texas.

12.    At all times material to this action, DMI was a Nevada corporation with its principal place of business located at 150 S. Pine Island Road, Suite 300, Plantation, Florida 33324.

13.    DMI may be served via its registered agent, Republic Registered Agent, LLC located at 930 S 4th Street, Suite 209, Las Vegas, NV 89101.

14.    The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

15.    Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

16.    Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

17.    On or about June 21, 2024 and January 14, 2025, DMI requested and obtained Plaintiff's consumer report from Experian.  A copy of the relevant section of Plaintiff's Experian file reflecting the requests made by DMI is attached hereto as **Exhibit A**.  DMI requested and obtained Plaintiff's consumer report from Experian for a so-called "promotional" offer of credit.  Upon information and belief, DMI obtained consumer reports from Experian for the other members of the Classes.  In the alternative, DMI obtained one or more prescreened lists from Experian concerning Plaintiff and the Classes.  Under the FCRA, such prescreened lists constitute consumer reports.

18.    At the time Experian provided Plaintiff's consumer report, and the consumer reports of the Classes, to DMI, Plaintiff, and the Class: (a) had not applied for credit with DMI nor initiated any credit or business transaction involving it; (b) had not applied for employment with DMI; (c) had not applied for insurance with DMI; (d) had not authorized DMI to request and obtain their

consumer reports for any reason; (e) did not have any open and/or closed accounts with DMI; and (f) did not thereafter receive any firm offers of credit from DMI.

19. DMI did not have a permissible purpose under Section 1681b(a) of the FCRA to request and obtain Plaintiff's consumer report, and the consumer reports of the Classes. Experian did not have a reasonable basis to believe that DMI had such a permissible purpose at the time it provided the subject reports to DMI.

20. Defendant's conduct violated the FCRA.

21. Plaintiff and the Classes suffered an invasion of their privacy and concrete harm as a result of Defendant's violations.

22. Plaintiff sent DMI a letter dated May 5, 2025 ("Dispute Letter") in which Plaintiff disputed the DMI inquiry on his file maintained by Experian. A copy of the Dispute Letter is attached hereto as **Exhibit B**.

23. Plaintiff wrote to DMI at the address provided by Experian (the "Address"). See Exhibit A.

24. Upon information and belief, DMI provided the Address to Experian.

25. Plaintiff's letter was marked as return to sender.

26. Upon information and belief, DMI has failed to provide Experian with a valid, current, address that Experian can list with inquiries made by DMI for the

consumer reports of consumers.  In the alternative, DMI did provide a good address and Experian failed to add it to Plaintiff's credit file and those of the Class.

27.     The lack of a valid, current address of DMI in relation to inquiries appearing on Experian credit files frustrates the ability of consumers like Plaintiff to contact DMI concerning DMI's improper access and use of their consumer reports.

28.     As a result of Defendant's violations of the FCRA, Plaintiff suffered concrete harm.

29.     As a result of Defendant's violations of the FCRA, Plaintiff was required to retain legal counsel to assist him and the Classes.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action, individually and on behalf of all similarly situated individuals, as members of the following Classes:

> All consumers within the United States for whom Experian provided a consumer report on such consumer to DMI within the two years prior to the filing of the Complaint through the conclusion of this case.

> and

> All consumers within the United States for whom DMI requested and obtained a consumer report on such consumer within the two years prior to the filing of the Complaint through the conclusion of this case without sending such consumer a firm offer of credit.

31.     The Plaintiff is a member of these Classes. Specifically excluded from the Classes are the following: (1) Defendants and any entity in which either has a controlling interest, and the officers, directors, employees, affiliates, legal representative, heirs, successors, subsidiaries, and/or assigns of any such individual or entity; and (2) any judge or judicial officer with responsibility over the management or resolution of this litigation and members of any such individual's immediate family.

32.     The members of the Classes are so numerous that joinder is impracticable.

33.     Common (identical) questions of law and fact predominate over any questions solely affecting individual Class members.  Among such common questions of law and fact are the following:

A.     Whether Defendant has systematically engaged in the long-term illegal practice of requesting and receiving consumer credit reports without a permissible purpose under the FCRA.

B.     The damages to Plaintiff and the Classes resulting from Defendant's illegal conduct.

34.     Plaintiff's individual claims are typical of the respective Class members' claims because the claims all share the same legal basis for recovery, the

same predicate facts to liability, and the same basic relief sought.  The Class claims are, in fact, identical among each Class.

35.    Plaintiff will fairly and adequately protect the interests of the Class members.  Plaintiff has no interest antagonistic to those of other Class members, and Plaintiff has retained attorneys experienced as counsel in class actions, consumer protection, and complex litigation. These attorneys will vigorously prosecute the class claims.

36.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons, among others:

A.    Given the small size of individual Class members' claims (between $100 and $1000 in statutory damages) and the expense of litigating those claims (the cost of filing individual suit would likely exceed $400), few, if any, Class members could afford to, or would seek, legal redress individually for the wrongs Defendant has committed against them, and absent class members have no substantial interest in controlling the prosecution of individual actions. No such individual actions in California are known to be pending as of the date of filing this Complaint.

B.    When the liability of Defendant has been adjudicated, claims of all Class members can be administered efficiently and/or determined by the Court.

This conclusion follows from, among other facts, the fact that all class members assert identical claims under the FCRA and seek identical relief. Moreover, the Class consists of a definite group of consumers over a finite period of time, making the efficient administration of claims post-certification and/or trial.

C.     Based on these same facts, among others, the Class action will promote an orderly and expeditious administration and adjudication of this dispute. This class action will foster economies of time, effort, and resources. This class action will ensure uniformity of decisions. It is therefore desirable to concentrate the claims as a class action in this forum. Otherwise, numerous consumers whom Defendant mistreated under the FCRA will go without legal remedy.

D.     Without this class action, the Class members will continue to suffer harm, and Defendant's unlawful conduct will be unaccounted for while Defendant continues to reap benefits of its unlawful activity.

37.     No difficulty will be encountered in the management of this litigation that would preclude its maintenance as a class action. Indeed, those harmed by Defendant can be readily identified through business records, including the very prescreened consumer lists and/or consumer reports at issue. Similarly, the proposed Classes are objectively ascertainable by definite time, limited geography, and specific reference to records maintained by Defendant and the CRAs. Notice and claims administration can therefore be managed efficiently and accurately.

38.     The prosecution of separate actions by or against individual members of the Classes would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Classes, which could establish incompatible standards of conduct for the party opposing the Classes; and/or (ii) adjudications with respect to individual members of the Classes that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Notice can be provided to members of the Classes by regular U.S. Mail, among other means that satisfy due process and practical concerns.

## COUNT ONE:

### Defendant's Willful Violations of the FCRA

39.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

40.     Defendant willfully violated Section 1681b of the FCRA as to the Classes by knowingly, or recklessly, requesting and receiving Plaintiff's consumer report, and those of the Classes, without a permissible purpose for them as set forth in Section 1681b(a) of the FCRA.

41.     As a result of Defendant's willful violations of Section 1681b of the FCRA, Plaintiff, and the Classes, have been damaged as set forth above including invasion of their privacy.

42.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Classes for damages as set forth above and, in an amount, to be determined by the jury.

43.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Classes for statutory and punitive damages as a result of its willful violations of the FCRA.

44.     Pursuant to 15 U.S.C. § 1681n, Defendant is liable to Plaintiff and the Class for his reasonable attorneys' fees and costs.

## COUNT TWO:

### Defendant's Negligent Violations of the FCRA

45.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth herein.

46.     In the alternative, Defendant negligently violated Section 1681b of the FCRA as to the Classes by negligently requesting and receiving Plaintiff's consumer report, and those of the Class, without a permissible purpose for them as set forth in Section 1681b(a) of the FCRA.

47.     As a result of Defendant's negligent violations of Section 1681b and of the FCRA, Plaintiff, and the Classes, have been damaged as set forth above including invasion of their privacy.

48.     Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Classes for damages as set forth above and, in an amount, to be determined by the jury.

49.     Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Classes for actual damages as a result of its negligent violations of the FCRA.

50.     Pursuant to 15 U.S.C. § 1681o, Defendant is liable to Plaintiff and the Classes for his reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff requests that this Court:

a.  Appoint Plaintiff's counsel as counsel for the Classes;

b.  Appoint Plaintiff as representative for the Classes;

c.  Certify the Classes;

d.  Enter judgment in favor of Plaintiff and the Classes for statutory damages, punitive damages, actual damages, attorney's fees and costs; and,

e.  Award such other relief to Plaintiff and the Classes as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Dated: June 22, 2026.

Respectfully submitted,

*/s/ Chris Miltenberger*
Chris Miltenberger, Esq.
Texas State Bar Number 14171200
Law Office of Chris R. Miltenberger,
PLLC
1360 N. White Chapel Blvd., Suite
200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

John A. Love*
**LOVE CONSUMER LAW**
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
(tel.) 404.855.3600
(fax) 404.301.2300
tlove@loveconsumerlaw.com

Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

**Pro hac vice* application to be filed

*Counsel for Plaintiff*